HAU, RECURRENTE, *v.* EL REGISTRADOR DE LA PROPIEDAD, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 2ª., denegando la inscripción de un contrato de venta.

No. 191.—Resuelto en junio 27, 1914.

ANOTACIÓN DE EMBARGO Y PROHIBICIÓN DE ENAJENAR—VENTA DE UN INMUEBLE POR DOCUMENTO PÚBLICO ANTES DE LA ANOTACIÓN—INSCRIPCIÓN DEL MISMO DESPUÉS DE DICHA ANOTACIÓN.—La anotación en el registro de la propiedad de un mandamiento de embargo y prohibición de enajenar decretada por un tribunal en aseguramiento de sentencia, no impide el que se inscriba la venta de la finca anotada hecha en virtud de documento público con anterioridad a dicha anotación, aunque presentada en el registro de la propiedad después de anotado el embargo.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. E. H. F. Dottin.*

El Registrador Sr. José Benedicto compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Por escritura pública de 17 de abril de 1914, otorgada en la ciudad de San Juan de Puerto Rico, ante el Notario D. Eugenio Benítez Castaño, José Lozada Avilés y su esposa Manuela Méndez Torres vendieron a Oscar Hau Thomas una finca del término municipal de Vega Alta con cabida de 34 cuerdas, de las que sólo se encuentran inscritas 20 de ellas.

Al día siguiente, 18 de abril, a las 9.40 de la mañana se presentó en el registro de la propiedad un mandamiento librado el día antes por el márshal de la Corte Municipal de Vega Baja para la anotación del embargo y prohibición de enajenar que el Juez Municipal de Vega Baja había librado contra José Lozada, en pleito que le sigue Cándido Méndez sobre otorgamiento de escritura. Pocos días después, el 23 siguiente, se presentó en el registro de la propiedad para su

inscripción el documento de venta a que antes se ha hecho referencia y que se había otorgado el 17 de ese mismo mes.

El registrador negó la inscripción del documento por los motivos que aparecen de la nota contra la que se ha interpuesto el presente recurso gubernativo, la que copiada literalmente, dice así:

"Denegada la inscripción del precedente documento por existir sobre la finca vendida una anotación de embargo por aseguramiento de sentencia, con prohibición de enajenar, decretado en caso seguido ante la Corte Municipal de Vega Baja, por Cándido Méndez contra José Lozada, denegándose además en cuanto a 14 cuerdas por no estar inscritas a nombre del vendedor, habiéndose tomado anotación preventiva por término legal, a favor del comprador, al folio 145 vuelto, tomo 1º. de Vega Alta, finca No. 26, inscripción letra B. San Juan, Puerto Rico, mayo 7, 1914."

La única cuestión que se plantea por el recurrente en este caso es, que el registrador no debió denegar la inscripción de la finca en cuanto a las 20 cuerdas que están inscritas por el hecho de que cuando el documento se presentó en el registro se había presentado en él, al día siguiente del otorgamiento de la escritura de venta un mandamiento por el cual se embargaba la finca y se prohibía enajenarla. Y aun cuando el registrador en su informe sostiene que la sentencia en que se apoya el recurrente dictada por esta corte en el caso de la *Sociedad Español de Auxilio Mutuo* v. *Rossy,* 17 D. P. R., 83, no tiene aplicación, sin embargo, entendemos que los casos son iguales, y que por tanto los principios entonces sentados son de aplicación al presente recurso.

En el caso citado cuando el Sr. Rossy hizo inscribir a nombre de las hermanas Mollfulleda cierta finca y anotó en abril de 1907 el embargo y prohibición de enajenar que había obtenido en pleito contra dichas hermanas, éstas habían vendido un año antes, en 16 de abril de 1906, a Juana Ramos la expresada finca, y cuando con posterioridad al embargo presentó Juana Ramos su título en el registro, obtenido como se ha

dicho desde 1906, el registrador lo inscribió a pesar de la anotación del embargo y prohibición de enajenar, y también inscribió dos ventas que de porciones de la finca había hecho a otras personas; y cuando terminado el pleito en que el Sr. Rossy había obtenido su embargo anunció en remate la venta de la propiedad, entonces los compradores establecieron el pleito para impedir la subasta, que fué fallado a favor de ellos y confirmado por esta Corte Suprema. En ese caso, entre otras cosas, se dijo lo siguiente:

"Si la finca de que se trata hubiera pertenecido realmente a las Mollfulleda en el momento o después de verificarse la anotación obtenida por el apelante, dicha anotación hubiera surtido todos sus efectos legales; pero cuando tal anotación se llevó a efecto, ya la finca no pertenecía a las Mollfulleda, y en su virtud era completamente ineficaz.

"No puede considerarse al apelante como un tercero, ni cabe regular su caso por los principios que rigen la doble venta de bienes inmuebles. El solo tenía y tiene una acción personal contra las Mollfulleda y no una acción real sobre la finca que fué de ellas. El hecho de la anotación no puede convertir por sí solo la acción personal en acción real.

"El haberse inscrito en el registro la finca a favor de las Mollfulleda y haberse anotado acto seguido la demanda en cobro de pesos por honorarios, interpuesta contra ellas por el apelante, no puede destruir, ni afectar siquiera, los derechos de los demandantes y apelados con respecto a dicha finca, derechos que fueron adquiridos en virtud de una compraventa realizada con anterioridad y hecha constar en documento público, aun cuando dicha compraventa no estuviera inscrita en el registro al tiempo de verificarse la anotación."

Ese caso y el presente son similares y, siguiendo los principios entonces expuestos, debemos decir ahora que el recurrente adquirió el título de la finca en virtud de compraventa realizada con anterioridad a la presentación en el registro del mandamiento de embargo y prohibición de enajenar y lo hizo constar en documento público, que de acuerdo con el Código Civil surte efectos contra tercero desde el momento de su otorgamiento; y aun cuando dicha venta no estaba inscrita

en el registro cuando se verificó la anotación del embargo y prohibición de enajenar, ésta solamente podría producir resultados para enajenaciones obtenidas después de verificarse la anotación del embargo en el registro.

Por las razones expuestas la nota del registrador debe ser revocada en cuanto niega la inscripción de la finca respecto a las 20 cuerdas que están inscritas en el registro.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.